UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO and the I.U.O.E.
LOCAL 14-14B LABOR MANAGEMENT COOPERATION
TRUST FUND BY THEIR TRUSTEES EDWIN L. CHRISTIAN, **COMPLAINT**
CHRISTOPHER T. CONFREY, JOHN CRONIN, DON
DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, 17-CIV-7623
DENISE M. RICHARDSON and ERNESTO TERSIGNI,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 14-14B, AFL-CIO, BY ITS BUSINESS MANAGER
EDWIN L. CHRISTIAN, and RICHARD JULIANO and
ROBERT J. HOFFER, individually,

         Plaintiffs,

-against-

WALDORF EXTERIORS LLC,

         Defendant.
———————————————————————X

  Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 TRUST FUNDS"), I.U.O.E. LOCAL 14-14B LABOR MANAGEMENT COOPERATION TRUST FUND ("LOCAL 14 LMCTF"), INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), RICHARD JULIANO ("JULIANO") and ROBERT J. HOFFER ("HOFFER") by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

  1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover annuity, pension, welfare and training contributions along with voluntary annuity (including

political action committee), dues assessment, defense fund and labor management fund payments from Defendant WALDORF EXTERIORS LLC ("WALDORF EXTERIORS"), along wages due and owing to Plaintiffs JULIANO and HOFFER in violation of the applicable collective bargaining agreement, New York Labor Law § 190 et seq. and New York common law.

## JURISDICTION

2.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c). This Court has supplemental jurisdiction over the individual plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367(a).

3.  Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, the violations complained of herein occurred in this District, the Defendant may be found in this District and Plaintiff LOCAL 14's authorized officers and agents are engaged in representing said Defendant's employees/members in this District.

## THE PARTIES

4.  Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186 and which are administered from an office located at 141-57 Northern Boulevard, Flushing, New York.

5.  EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of the LOCAL 14 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8. Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiff LOCAL 14 LMCTF is a labor management cooperation trust as defined under the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 186(c)(9) and a not-for-profit entity pursuant to Section 501(c)(5) of the Internal Revenue Code which is administered from an office located at 141-57 Northern Boulevard, Flushing, New York.

10. EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of the LOCAL 14 LMCTF.

11. Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 having its principal office for the transaction of business located at 141-57 Northern Boulevard, Flushing, New York.

12. EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

13. Plaintiff JULIANO is a member of Plaintiff LOCAL 14.

14. Plaintiff HOFFER is a member of Plaintiff LOCAL 14.

15. Plaintiff LOCAL 14 is the duly recognized collective bargaining representative for the members of said Plaintiff including, for all times relevant hereto, those employed by Defendant WALDORF EXTERIORS LLC ("WALDORF EXTERIORS") at the job site located at 1 West End Avenue in New York City.

16. Upon information and belief, Defendant WALDORF EXTERIORS was and still is a New York corporation with its principal place of business located at 50 East Palisades Avenue, Suite 111, Englewood, New Jersey.

17. Upon information and belief, Defendant WALDORF EXTERIORS was and still is a foreign corporation duly licensed to do business in the State of New York.

18. Upon information and belief, Defendant WALDORF EXTERIORS was and still is a foreign corporation doing business in the State of New York.

19. Upon information and belief, Defendant WALDORF EXTERIORS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), Section 301 of the LMRA, 29 U.S.C. § 185 and New York Labor Law § 190(3).

20. At all times relevant hereto, Plaintiffs JULIANO and HOFFER were employees of Defendant WALDORF EXTERIORS within the meaning of New York Labor Law § 190(2).

## BACKGROUND INFORMATION

21. At all times relevant hereto, Plaintiff LOCAL 14 and Defendant WALDORF EXTERIORS have been parties to a collective bargaining agreement and Defendant WALDORF EXTERIORS agreed to be bound to the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

22. Pursuant to the terms of the Collective Bargaining Agreement, Defendant WALDORF EXTERIORS is obligated to remit, at specified rates, annuity, pension, welfare and

training contributions along with voluntary annuity (including political action committee), dues assessment, defense fund and labor management fund payments based upon each regular or straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

23. Pursuant to the terms of the Collective Bargaining Agreement, all such contributions and payments as identified in paragraph 22, above, are required to be remitted though the purchase of stamps from the Fund Office for Plaintiffs LOCAL 14 TRUST FUNDS.

24. At all times relevant hereto, Defendant WALDORF EXTERIORS has performed work in accordance with the Collective Bargaining Agreement at the job site located at 1 West End Avenue in New York City.

25. At all times relevant hereto, Defendant WALDORF EXTERIORS employed LOCAL 14 members JULIANO and HOFFER pursuant to the terms and conditions of the Collective Bargaining Agreement at the job site located at 1 West End Avenue in New York City.

26. Upon information and belief, between the dates of September 11, 2017 and September 14, 2017, Defendant WALDORF EXTERIORS coordinated the dismantling of approximately ten (10) stories of the hoist being operated by Plaintiff JULIANO and refused to pay him wages earned and to Plaintiffs the corresponding fringe benefit contributions owed for thirty-two (32) straight or regular hours.

27. Upon information and belief, between the dates of September 6, 2017 and September 8, 2017, Defendant WALDORF EXTERIORS coordinated the dismantling of approximately ten (10) stories of the hoist being operated by Plaintiff HOFFER and refused to pay him wages earned and to Plaintiffs the corresponding fringe benefit contributions owed for twenty-four (24) straight or regular hours and one (1) double time hour.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

28. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29. At all time relevant hereto and, upon information and belief, Defendant WALDORF EXTERIORS has failed to provide the contractually required annuity, pension, welfare and training contributions, along with the required voluntary annuity (including political action committee), dues assessment, defense fund and labor management fund payments on behalf of employees and LOCAL 14 members JULIANO and HOFFER in the amount of $1,931.50.

30. At all times relevant hereto, Defendant WALDORF EXTERIORS has failed to pay any portion of the outstanding amount owed in annuity, pension, welfare and training contributions totaling $1,540.00.

31. At all times relevant hereto, Defendant WALDORF EXTERIORS has failed to pay any portion of the outstanding amount owed in voluntary annuity (including political action committee), dues assessment, defense fund and labor management fund payments totaling $391.50.

32. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant WALDORF EXTERIORS, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS, LOCAL 14 LMCTF and LOCAL 14, collectively, in the amount of $1,931.50.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

33. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 32 inclusive with the same force and effect as though more fully set forth at length herein.

34. At all times relevant hereto, the failure of Defendant WALDORF EXTERIORS to make the required annuity, pension, welfare and training contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $1,540.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

35. Defendant WALDORF EXTERIORS remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 TRUST FUNDS as detailed above.

36. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

37. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant WALDORF EXTERIORS and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $1,540.00, together with accumulated interest on the unpaid

and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees as well as the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### AS AND FOR A THIRD CAUSE OF ACTION
### (BOND DEMAND PURSUANT TO ERISA)

38. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 37 inclusive with the same force and effect as though more fully set forth at length herein.

39. Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, as explicitly referenced in the Collective Bargaining Agreement, the Trustees are authorized "[t]o do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the [Fund] or for carrying out the purposes of this Agreement."

40. Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1) places upon the Trustees the responsibility of discharging their "duties with respect to a plan solely in the interest of the participants and beneficiaries."

41. In undertaking this duty, it is imperative that Defendant WALDORF EXTERIORS be directed by this Court to obtain a benefit contribution and wage payment bond on behalf of said Plaintiffs in the amount of $250,000.00 pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

## AS AND FOR A FOURTH CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING
## AGREEMENT/WAGE CLAIM -- LOCAL 14 MEMBERS)

42. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 41 inclusive with the same force and effect as though more fully set forth at length herein.

43. At all times relevant hereto, Plaintiffs JULIANO and HOFFER were employed by Defendant WALDORF EXTERIORS as operating engineers at the job site located at 1 West End Avenue in New York City.

44. Between the dates of September 11, 2017 and September 14, 2017, Plaintiff JULIANO worked a total of thirty-two (32) straight or regular hours at the hourly rate of $57.57 for which he did not receive pay from Defendant WALDORF EXTERIORS.

45. Between the dates of September 6, 2017 and September 8, 2017, Plaintiff HOFFER worked a total of twenty-four (24) straight or regular hours and one (1) double time hour at the hourly rates of $57.57 and $115.14, respectively, for which he did not receive pay from Defendant WALDORF EXTERIORS.

46. Plaintiff LOCAL 14, as the collective bargaining representative for Plaintiffs JULIANO and HOFFER, seeks to enforce the terms and conditions of the Collective Bargaining Agreement pursuant to the Section 301 of the LMRA, 29 U.S.C. § 185 due to Defendant WALDORF EXTERIOR's violation of the Collective Bargaining Agreement.

47. Accordingly, Plaintiff LOCAL 14 seeks damages against Defendant WALDORF EXTERIORS in the amount of $1,842.24 on behalf of Plaintiff JULIANO and in the amount of $1,496.82 on behalf of Plaintiff HOFFER.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (VIOLATION OF NEW YORK LABOR LAW)

48. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 47 inclusive with the same force and effect as though more fully set forth at length herein.

49. At all times relevant hereto, Defendant WALDORF EXTERIORS has failed to pay Plaintiffs JULIANO and HOFFER wages owed to them in the amounts of $1,842.24 and $1,496.82, respectively, in violation of New York Labor Law § 191(a) despite being aware that said amounts are due and owing as a result of their employment at the job site located at 1 West End Avenue in New York City.

50. The failure of Defendant WALDORF EXTERIORS to pay these wages owed is willful within the meaning of New York Labor Law § 198(1-a).

51. Plaintiffs JULIANO and HOFFER are entitled to recover from Defendant WALDORF EXTERIORS the amounts owed to them in wages together with reasonable attorneys' fees, prejudgment interest in accordance with the New York CPLR and liquidated damages equal to one hundred percent (100%) of the total amount of the wages found to be due and owing to said Plaintiffs.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

52. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 51 inclusive with the same force and effect as though more fully set forth at length herein.

53. Defendant WALDORF EXTERIORS has been unjustly enriched by withholding wages owed to Plaintiffs JULIANO and HOFFER and by failing to properly compensate them for work performed at the job site located at 1 West End Avenue in New York City.

54. Accordingly, equity and good conscience require Defendant WALDORF EXTERIORS to make restitution to said Plaintiffs in the form of compensatory damages in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (QUANTUM MERUIT)

55. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 54 inclusive with the same force and effect as though more fully set forth at length herein.

56. Plaintiffs JULIANO and HOFFER performed their services to Defendant WALDORF EXTERIORS in good faith and with the expectation that they would be paid for all hours worked.

57. Defendant WALDORF EXTERIORS received the full benefit of the labor of said Plaintiffs but failed to compensate them for work performed at the job site located at 1 West End Avenue in New York City.

58. As a result of the conduct of Defendant WALDORF EXTERIORS, Plaintiffs JULIANO and HOFFER have sustained damages in the amount of the wages owed totaling $1,842.24 and $1,496.82, respectively.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

59. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 58 inclusive with the same force and effect as though more fully set forth at length herein.

60. Plaintiffs JULIANO and HOFFER reasonably relied upon Defendant's status as a signatory employer to a collective bargaining agreement with Plaintiff LOCAL 14 as the basis to be paid for their services performed.

61. As a proximate result of this conduct, said Plaintiffs have suffered and continue to suffer economic loss and are entitled to compensatory damages from Defendant WALDORF EXTERIORS in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS, LOCAL 14 LMCTF and LOCAL 14 demand judgment on the First Cause of Action as follows:

1. Of Defendant WALDORF EXTERIORS LLC in the amount of contributions with interest along with voluntary annuity (including political action committee), dues assessment, defense fund and labor management fund payments due and owing in the amount of $1,931.50, together with prejudgment interest thereon.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Second Cause of Action as follows:

1. Of Defendant WALDORF EXTERIORS, LLC in the amount of annuity, pension, welfare and training contributions due and owing in the amount of $1,540.00, together with:

    a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

  b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

  c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Third Cause of Action as follows:

  1. Of Defendant WALDORF EXTERIORS LLC, an Order directing said Defendant to obtain a benefit contribution and wage payment bond in the amount of $250,000.00 pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiff LOCAL 14 demands judgment on the Fourth Cause of Action as follows:

  1. Of Defendant WALDORF EXTERIORS LLC, in the amount of $3,339.06 in unpaid wages in accordance with Section 301 of the LMRA, 29 U.S.C. §185.

**WHEREFORE**, Plaintiffs JULIANO and HOFFER demand judgment on the Fifth Cause of Action as follows:

  1. Of Defendant WALDORF EXTERIORS LLC in the amount of $3,339.06 in unpaid wages together with reasonable attorneys' fees, prejudgment interest in accordance with the New York CPLR and liquidated damages equal to one hundred percent (100%) of the total amount of the wages found to be due and owing to said Plaintiffs all in accordance with New York Labor Law § 198(1-a).

**WHEREFORE**, Plaintiffs JUILIANO and HOFFER demand judgment on the Sixth, Seventh & Eighth Causes of Action as follows:

1. An award of compensatory damages for unjust enrichment, quantum meruit and promissory estoppel under New York common law, together with such other relief as this Court may deem just and proper.

Dated: Tarrytown, New York
      October 5, 2017

                              Respectfully submitted,

                              BRADY McGUIRE & STEINBERG, P.C.

By:   James M. Steinberg (JS-3515)
       Attorneys for Plaintiffs
       303 South Broadway, Suite 234
       Tarrytown, New York 10591
       (914) 478-4293